UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Chambers of
**Joseph A. Dickson**
United States Magistrate Judge

Martin Luther King, Jr. Federal Bldg.
& U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102
(973-645-2580)

<u>LETTER ORDER</u>

November 26, 2013

All Counsel

Re:    **Rowell v. Hain Celestial Group, et al.**
       <u>**Docket No. 2:12-cv-2294-ES-JAD**</u>

Dear Counsel:

The Court has considered the parties' briefs and submissions related to Plaintiffs' Second

Motion for Default Judgment as to Defendant King Transportation d/b/a King Transport, Inc. (ECF

no. 48) and Defendant, Claudemir Silva's, Motion to Vacate Entry of Default against King

Transportation d/b/a King Transport, Inc. (ECF no. 53). The Honorable Esther Salas, United States

District Judge, referred the Motion to Vacate Entry of Default to the Undersigned.[1]  The Court

notes the following procedural history:

1. On December 4, 2012, Plaintiffs filed an amended complaint, adding defendants

   Claudemir Silva and Excel Development, Inc. as defendants in the case.  The amended

   complaint included, among other defendants, Kevin Mitchell, individually and d/b/a

---

[1] Because an entry of default is not dispositive, "a magistrate judge has the authority to set aside an entry of default."
*Allgood Entertainment, Inc. v. Gridiron Video, et al.*, No. 09-cv-2406 (JLL), 2012 WL 395373 (D.N.J. Feb. 6,
2012), at *4.

1

King Transportation, King Transportation, and Claudemir Silva individually and d/b/a King Transportation, as defendants (ECF no. 16).

2. On December 12, 2012, Defendants Kevin Mitchell and Kevin Mitchell d/b/a King Transportation, i/p/a King Transportation filed an Answer to the Amended Complaint, crossclaiming against certain co-defendants (ECF no. 18).

3. On December 13, 2012, Defendants Kevin Mitchell and Kevin Mitchell d/b/a King Transportation, i/p/a King Transportation filed a Crossclaim against Claudemir Silva, individually and d/b/a King Transportation (ECF no. 19).

4. On February 21, 2013, King Transport, Inc. was served with a copy of the December 4, 2012 Amended Complaint, which did not name King Transport, Inc. as a defendant (ECF 34-6), but named King Transportation.

5. On May 24, 2013, Plaintiffs moved for an order granting leave to file an Amended Complaint that would substitute the name, King Transport, Inc., for King Transportation, as a defendant in this action (ECF no. 36). Plaintiffs indicated that they seek to "more precisely set forth the name of Defendant Silva's employer—who was described in the complaint as "King Transportation"—as King Transport, Inc.

6. On June 4, 2013, at Plaintiffs' request, the Clerk of the Court entered default as to defendant, King Transportation a/k/a King Transport, Inc., for failure to plead or otherwise defend (ECF no. 47).

Under Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause." Courts generally disfavor entries of default and default judgments, and, "in doubtful cases, set aside entries of default or default judgments in order to allow cases to be decided on their merits." *Allgood Entertainment, Inc. v. Gridiron Video, et al.*, No. 09-cv-2406

(JLL), 2012 WL 395373 (D.N.J. Feb. 6, 2012), at *3 (citing *United States v. $55,518.05 in U.S. Currency*, 728 F. 2d 192, 193 (3d Cir. 1984)).  "A court's decision to set aside an entry of default is primarily left to its own sound discretion." *Id.*

Federal Rule of Civil Procedure 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend…the clerk must enter the party's default."  When default is entered in contravention to Rule 55(a), courts set the default aside as improperly entered.  *See, e.g., Allgood Entertainment, Inc.*, 2012 WL 395373 at *4 (vacating entry of default against two individuals who defended themselves by challenging the court's jurisdiction).  Courts will also set aside a default "if the party seeking default failed to meet a requirement of the rule," such as where service was improper.  *See Mettle v. First Union National Bank*, 279 F. Supp. 2d 598, 601 (D.N.J. 2003) (internal citations omitted); *see also Allgood Entertainment, Inc.*, 2012 WL 395373 at *6-7 (vacating entry of default against party in part because complaint was deficient; the complaint failed to provide an address for the party, and the "party" appeared to have been a project rather than an entity).  While courts normally consider three factors when determining whether to set aside a default, courts need not consider these factors when the default is improperly entered.  *See Gold Kist, Inc. v. Laurinburg Oil Company, Inc.*, 756 F. 2d 14, 19 (3d Cir. 1985).

In this case, King Transportation filed an Answer and Crossclaim (ECF nos. 18 and 19).  The clerk's entry of default against King Transportation, a party in this case who in fact responded to the Complaint through multiple pleadings, is therefore improper.  The clerk cannot enter a default against King Transport, Inc., because Rule 55(a) does not provide for default entries against non-parties.  *See* Fed. R. Civ. P. 55(a) (emphasis added) ("[w]hen a *party* against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend…the clerk must enter the

3

*party's* default."). Even if the clerk were able to enter default against King Transport, Inc., several factors (i.e. the deficiency in the complaint, the existence of a pending motion from plaintiffs to amend the complaint to name King Transport, Inc., and the general disfavor of entries of default) weigh against entry of default against King Transport, Inc. *See Allgood Entertainment, Inc.*, 2012 WL 395373 at *7 (setting aside entry of default "given the deficiencies in [the] complaint, the doubts over proper service, and the disfavor of entries of default"). Most importantly, the default entry before this Court is an entry against King Transportation, a different entity from King Transport, Inc. and an entity who actually filed an Answer to the Complaint.

For the foregoing reasons, the Court grants Defendant's Motion to Vacate Entry of Default (ECF no. 53), vacates the clerk's entry of default (ECF no. 47), and terminates Plaintiffs' Second Motion for Default Judgment (ECF no. 48), which is moot.

**SO ORDERED**

Joseph A. Dickson, U.S.M.J.

cc:     Hon. Esther Salas, U.S.D.J.

4